# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PRENTISS, | CASE NO. 1:08-cv-01914-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| KEN CLARK, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Christopher Prentiss ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 12, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Summary of Complaint**

   **A.    Plaintiff's Allegations**

Plaintiff has been incarcerated at the California Substance Abuse Treatment Facility and State Prison ("CSTAF") in Corcoran since October 9, 2007. Plaintiff alleges that the only program in place for the Wiccan/Pagan Community on D Yard at CSATF is a one hour worship time every Saturday. Documentation of the Wiccan/Pagan Community's needs and wants was submitted and when no response was received, Plaintiff submitted a group appeal on January 16, 2008, complaining of religious discrimination. Plaintiff met with Angela Romanello, the Community Resources Manager, on February 24, 2008, and was told that the group's requests would be reviewed at the next Religious Review Committee meeting on March 8, 2008. Plaintiff was also informed that the prison was in the process of securing an approved vendor for Wiccan/Pagan artifacts and books so that inmates could place orders.

On June 16, 2008, Ricky Gomez, an appeals coordinator, interviewed Plaintiff at the next appeal level. The interview was conducted at Plaintiff's cell door and Gomez seemed rushed, got flustered, and left. Subsequently, Plaintiff's appeal was signed by Warden Ken Clark and included some attached paperwork stating that the vendor approval paperwork from Romanello was on his desk awaiting his signature. At the third and final level of appeal (the Director's Level), Plaintiff was informed that the prison had a religious program in place and the Wiccan/Pagan Community

was being provided with a means to place orders.  Plaintiff contends that as of December 2008, nothing has changed since his arrival in October 2007, although other prisons provide the rights and freedoms that the Wiccan/Pagan Community is seeking at CSATF.

Plaintiff names Romanello, Gomez, Clark, Captain Patrick Denny, and Associate Warden Jack Lais as defendants, and is seeking damages and an injunction mandating that CSTAF provide Wiccan/Pagan inmates with rights such as a sacred piece of land and the ability to order herbs, oils, and sacred artifacts.  Although Plaintiff does not identify his legal claims, his allegations potentially support the existence of three claims.

### B. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although Plaintiff alleges the Wiccan/Pagan Community is being discriminated against, Plaintiff does not allege facts supporting a claim that members are being treated differently than other similarly situated inmates because their religion.  Accordingly, Plaintiff fails to state a cognizable equal protection claim.

### C. Free Exercise Claim

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  Beliefs which are both

3

sincerely held and rooted in religious belief trigger the protection of the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quotations and citations omitted) (disavowing objective centrality test and confirming applicability of sincerity test).

However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" O'Lone, 482 U.S. at 348 (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "To ensure that courts afford appropriate deference to prison officials, . . . prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 382 U.S. at 349. Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Although Plaintiff alleges the Wiccan/Pagan Community has needs and wants that are not being met at CSTAF, Plaintiff's allegations do not demonstrate that his ability to exercise his religion is being impermissibly infringed upon. Therefore, Plaintiff fails to state a viable free exercise claim.

**D.    RLUIPA Claim**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.

Plaintiff's allegations do not support a claim that his religious exercise is being substantially burdened. The vague allegations of needs and wants not being met, and the inability to order religious artifacts falls short of demonstrating a substantial burden on the exercise of religion. As a result, Plaintiff fails to state a claim.

///

### E. Linkage Requirement

In addition to the deficiencies relating to the merits of Plaintiff's claims, set forth above, Plaintiff does not link all of the named defendants to a violation of his rights. Under section 1983, Plaintiff is required to show that the named defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Further, the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). While prison officials who cause or contribute to a violation may be held liable, in general, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

### III. Conclusion and Order

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983 or RLUIPA, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
2 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
3 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
4 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
5 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

6    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
7 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
8 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
9 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
10 complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing
11 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
12 1474.

13    Based on the foregoing, it is HEREBY ORDERED that:
14    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
15    2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may
16         be granted;
17    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
18         amended complaint; and
19    4.    If Plaintiff fails to comply with this order, this action will be dismissed, with
20         prejudice, for failure to state a claim upon which relief may be granted.

22 IT IS SO ORDERED.

23 **Dated:    February 20, 2009**            /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE