# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PRENTISS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01914-SMS PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 8) |

Plaintiff Christopher Prentiss is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000). Plaintiff filed this action on December 12, 2008. Pursuant to Plaintiff's written consent, filed January 1, 2009, and Appendix A(k)(4) of the Local Rules of the Eastern District of California, this case is assigned to the undersigned to conduct any and all proceedings.

On October 9, 2009, the Court dismissed Plaintiff's amended complaint and ordered Plaintiff to file a second amended complaint within thirty days. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was warned that if he failed to filed a second amended complaint, this action would be dismissed, without prejudice. Substantially more than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court

must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. <u>Id.</u> This action, which has been pending since 2008, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. <u>Id.</u> Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

**Dated:   February 5, 2010**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE